# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM P. CURTISS,
          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBER
DE-0752-23-0216-I-1

DATE:  February 20, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Denise L. Faulkner</u>, Malmstrom Air Force Base, Montana, for the
    appellant.

<u>John Malek</u>, Esquire, Idaho Falls, Idaho, for the appellant.

<u>Matthew Mackey</u> and <u>Ray Shackelford</u>, Joint Base Andrews, Maryland, for
    the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed this indefinite suspension appeal for failure to prosecute.  Generally,

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective April 3, 2023, the agency indefinitely suspended the appellant without pay from his Construction Control Inspector position based on the suspension of his access to classified information. Initial Appeal File (IAF), Tab 4 at 50-51, 53, 56. On April 28, 2023, union representative Denise Faulkner filed a Board appeal on behalf of the appellant. IAF, Tab 1 at 3-4, 6. She requested a hearing. *Id.* at 2. The initial filing includes the appellant's endorsed designation of Ms. Faulkner as his representative. *Id.* at 3, 13.

The administrative judge scheduled a prehearing conference for June 30, 2023. IAF, Tab 5 at 4. On May 31, 2023, the administrative judge convened a status conference attended by Ms. Faulkner, two other union officials, and the agency's representative. IAF, Tab 6. On June 27, 2023, the agency filed a motion for a 30-day stay of proceedings. IAF, Tab 7 at 3. The agency indicated that the appellant had recently obtained counsel to represent him who desired a

30-day stay to which the agency did not object. *Id.* The agency agreed to file the motion on behalf of the attorney due to alleged difficulties the new counsel had with the Board's electronic filing system. *Id.* It did so with the understanding that the new representative would be filing a notice of representation and motion for stay by the end of the day. *Id.* That did not occur, and the subsequent orders and initial decision state that the Denver Field Office received no communication about problems doing so. IAF, Tab 8 at 2, Tab 11, Initial Decision (ID) at 3. Neither party appeared for the scheduled prehearing conference on June 30, 2023. IAF, Tab 8 at 1-2. Consequently, the administrative judge cancelled the hearing and ordered the appellant to provide good cause for not submitting prehearing submissions or attending the conference. *Id.* at 2. She warned that, if the appellant did not timely submit a close of record submission, she may dismiss the appeal with prejudice for failure to prosecute. *Id.* at 3-4. The agency submitted a response, but the appellant did not. IAF, Tab 9, Tab 10 at 3. The administrative judge issued a show cause order on failure to prosecute. IAF, Tab 10 at 3. The appellant did not respond. The administrative judge then issued an initial decision dismissing the appeal for failure to prosecute. ID at 1, 6.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency also has not responded.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant filed the petition for review, which includes an electronically signed designation of representative.</u>

The initial appeal indicated the appellant's intent to register as an e-filer, IAF, Tab 1 at 2, and the petition for review was filed from the appellant's e-Appeal account, PFR File, Tab 1. The petition for review contains, among other things, a notice of appearance, which indicates that the appellant retained an attorney to represent him in this appeal. *Id.* at 7. In its acknowledgment letter, the Clerk of the Board informed the appellant and the attorney that the appellant

had not filed a designation of representative and informed them how to do so. PFR File, Tab 2. Neither did so. Nevertheless, we deem that the appellant electronically filed and effectively signed the notice of appearance, PFR File, Tab 1 at 7, among the other documents with his petition for review, *see* 5 C.F.R. § 1201.14(k) (2023). Therefore, the appellant has submitted his designation of representation on review, and we will consider the petition for review.

<u>The administrative judge did not abuse her discretion in dismissing the appeal for failure to prosecute.</u>

The sanction of dismissal with prejudice may be imposed if a party does not prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶¶ 17-19 (2013); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when a party has not exercised basic due diligence in complying with Board orders or a party has exhibited negligence or bad faith in its efforts to comply. *Leseman*, 122 M.S.P.R. 139, ¶ 6. When an appellant repeatedly does not respond to multiple Board orders, reflecting a failure to exercise basic due diligence, the sanction of dismissal for failure to prosecute is appropriate. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman*, 122 M.S.P.R. 139, ¶ 6.

We find that the administrative judge did not abuse her discretion in dismissing the appeal for failure to prosecute. Based on our review of the record, the appellant did not exercise due diligence in prosecuting his appeal. The record reflects that the appellant did not file prehearing submissions as ordered by the administrative judge, did not appear at the prehearing conference, did not file a close of record submission, and did not file a response when the administrative judge informed him that his appeal would be dismissed for failure to prosecute absent a showing of good cause. IAF, Tabs 5, 8, 10; ID at 5. The Board has

upheld dismissals for failure to prosecute in similar situations. *See, e.g.*, *Leseman*, 122 M.S.P.R. 139, ¶¶ 3-4, 7 (upholding a dismissal for failure to prosecute after the appellant did not appear at two conferences, did not submit a close of record submission, and did not respond to an order to show cause). The administrative judge issued warnings that not abiding by her orders may result in a dismissal for failure to prosecute. IAF, Tabs 5, 8, 10.

Additionally, other than appearing at the status conference, IAF, Tab 6, Ms. Faulkner made no further appearances or submitted any filings on behalf of the appellant or his new attorney. There is no sufficient explanation as to why she, who had been representing the appellant since the beginning of the appeal, and for whom there is no record of withdrawal as representative, should be excused from complying with the administrative judge's repeated orders. The Board has long held that an appellant is responsible for the errors of his chosen representative. *See Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

On review, the appellant provides email correspondence, which indicates that his attorney emailed Ms. Faulkner a notice of representation on June 27, 2023. PFR File, Tab 1 at 8. Later that day, Ms. Faulkner forwarded him an email from the Board that confirmed that a "Motion to Stay Processing for 30 Days" pleading had been filed by the agency, which reflects what is in the record. *Id.* at 9; IAF, Tab 7 at 3. The appellant's attorney asserts on review that the June 27, 2023 "submission was a notice of appearance with a request for a continuance attached, along with counsel's contact information." PFR File, Tab 1 at 5-6. This assertion is not supported by the record, which reflects that no such submission was filed. IAF, Tab 8 at 2, Tab 10 at 2; ID at 3. Further, on July 3, 2023, the MSPB Application Team emailed the appellant's attorney in response to his inquiry and informed him that he could not review case material because the appellant still needed to designate him as his representative. PFR File, Tab 1 at 10. Moreover, because they were both electronically served

with the administrative judge's orders, the appellant and Ms. Faulkner were on notice that a new representative had not been designated.  IAF, Tab 8 at 2, 5, Tab 10 at 2, 4; ID at 3; *see Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006) (noting that, pursuant to the Board's regulations, documents served electronically on registered e-filers are deemed received on the date of electronic submission); 5 C.F.R. § 1201.14(m)(2) (2023)).  Yet, the record contains no subsequent attempt to do so until after the issuance of the initial decision. PFR File, Tab 1.

Under the circumstances of this appeal, we conclude that the appellant has not shown that the administrative judge abused her discretion in dismissing his appeal for failure to prosecute.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.